IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL A SWEET,

      Plaintiff,                        No. CIV S-04-2703 FCD EFB P

   vs.

O.C. O'CONNOR, et al.,

      Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). On April 27, 2006, defendants filed a motion to dismiss for failure to state a claim upon which relief may be granted as to all defendants, with the exception of defendant O'Connor. For the reasons set forth below, the court recommends that defendants' motion be granted and defendant O'Connor remain as the sole defendant in this action.

I.    Procedural Background

Plaintiff's complaint was dismissed with leave to file an amended complaint in an order filed April 13, 2005. He filed an amended complaint on August 17, 2005. The court screened the amended complaint pursuant to 28 U.S.C. § 1915A and, on January 6, 2006, found service of

1 the amended complaint proper for defendants. An order filed February 22, 2006, directed the
2 United States Marshal to serve process on defendants. On April 27, 2006, five of the six
3 defendants filed the instant motion to dismiss in response to the amended complaint. On June
4 19, 2006, plaintiff filed an opposition to defendants' motion.

II. <u>Standards for a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)</u>

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

III. <u>Allegations of the Amended Complaint</u>

In his amended complaint (hereafter "complaint"), plaintiff contends that prison official defendants O'Connor, Purifoy, Boyd, Lattimore, and Cornish "illegally retaliated against . . . [p]laintiff . . . for exercising Constitutional rights to do 'protected conduct'" by filing a suit under 42 U.S.C. § 1983.[1] Compl. at 3.[2] Specifically, plaintiff alleges that defendants learned that plaintiff had filed suit against prison officials at Salinas Valley State Prison, where plaintiff was previously housed, and led a "campaign of harassment and retaliation against plaintiff." *Id.*
////

---

[1] *See Sweet v. Hernandez, et al.*, No. 02-1709 pending in the Northern District of California.

[2] Plaintiff numbers the fourth page of his amended complaint as page "3." All further references to the amended complaint reflect plaintiff's numbering.

Plaintiff alleges the following factual basis for his claim: he has a history of post-traumatic stress disorder, depression, and suicidal tendencies, and because of this was housed in Emergency Outpatient (E.O.P.) care. Compl. at 5. On an unspecified date, upon entering the "chow hall," defendant Purifoy called out to him, "Hey Sweet, don't get comfortable you will be moving, you know your not E.O.P." Compl. at 6. Later, plaintiff was summoned by defendant Cornish, who explained that she was plaintiff's new case worker and that she did not "see any reason" for plaintiff to be housed in E.O.P. Compl. at 7. Plaintiff responded that he was under "severe mental stress and psychological injuries [caused] by prison officials," and that he believes he is being retaliated against. *Id.* at 7, 8. Cornish replied that in order for her to work with him, plaintiff "had to make a good-faith statement that he would not walk with, talk with, nor eat with inmate West."[3] *Id.* at 8. When plaintiff questioned the relevance of his relationship with inmate West to his housing classification, she did not answer. Instead, she stated that she had reviewed his "entire file" and found nothing warranting an E.O.P. placement. When plaintiff pressed her, questioning the extent of her knowledge of his troubled mental-health history, defendant Cornish acknowledged she had only reviewed his current file for Mule Creek State Prison, and not his files from other facilities where he had previously been housed.

Plaintiff claims that he was removed from E.O.P. housing one week later, and then moved "every other day randomly and arbitrarily and capriciously . . . from cell to cell, then from building to building, sometimes [two] to [three] times in a week." Compl. at 14. He alleges that this was done in retaliation for his filing a lawsuit and for his relationship with inmate West. Additionally, plaintiff was placed in administrative segregation and then transferred on the basis that he had an enemy within Mule Creek State Prison. Plaintiff argues

---

[3] In his complaint, plaintiff identifies himself as a Muslim and a bisexual, and describes inmate West as "a white bisexual." Plaintiff claims that inmate West was "the sole friend that [plaintiff] had" after the prison Muslim community shunned him when his bisexuality was made public knowledge by a correctional officer (defendant O'Connor, who is not a party to this motion to dismiss).

3

that this was also done in retaliation, and offers as proof that "'no' new enemies had been logged on plaintiff's (CDC 812) enemy list, nor was plaintiff enterviewed [sic] about being claimed as an enemy per CDC protocol Cal. Code of Reg. Tit. 15 Sec. 3378." *Id.* at 17, 18.

IV. Analysis

    A.    First Amendment Retaliation Claim

Defendants contend that plaintiff has simply failed to establish the elements of a cognizable retaliation claim.

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) harmed the prisoner and (5) was not narrowly tailored to advance a legitimate correctional goal.

*Rhodes v. Robinson*, 380 F.3d 1123, 1130 (9th Cir. 2004) (citing *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir.2000) and *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994)).

        1.    Defendant Campbell

In his opposition to defendants' motion to dismiss, plaintiff claims that defendants Campbell, Lattimore, and Cornish "formed together as a classification committee panel" to which plaintiff voiced grievances. Opp'n at 8-10. He asserts that this group then made a collective decision to transfer plaintiff to another facility. He alleges that they did so on the false basis that an enemy situation threatening plaintiff existed at Mule Creek State Prison and that the true reason was retaliation. However, his complaint alleges on the one hand that he was ostracized by the prison's Muslim population once his bisexuality was made public, yet he avers on the other that he had no enemies at the prison and none had been added to his CDC 812 enemy list. Compl. at 3-6, 18. Plaintiff has failed to allege facts which demonstrate that this transfer decision was adverse to or harmed him, or was motivated by his exercise of protected conduct rather than a legitimate correctional goal. To the contrary, plaintiff himself alleges a legitimate correctional goal; i.e. to protect him. Plaintiff has failed to state a cognizable retaliation claim against defendant Campbell and his claim against this defendant must be

4

dismissed.

####   2.   Defendants Boyd and Lattimore

Plaintiff claims that defendants Boyd and Lattimore "illegally retaliated against [him] for exercising Constitutional rights to do 'protected conduct.'" Compl. at 3. Further, plaintiff explains in his opposition to defendants' motion to dismiss, that defendant Lattimore acted as part of a "classification committee panel" with defendants Campbell and Cornish that decided to transfer plaintiff from the facility. Opp'n at 8-10. Even construing the facts in the light most favorable to plaintiff, plaintiff fails to specifically allege any conduct regarding these two defendants that had the effect of injuring him in violation of his federal rights. As with the allegations discussed above regarding Campbell, the allegations regarding these two defendants fail to demonstrate that they participated in a decision to transfer plaintiff that was motivated by retaliation for his exercise of protected conduct rather than a legitimate correctional goal. Plaintiff's claims against defendants Boyd and Lattimore must therefore be dismissed.

####   3.   Defendant Purifoy

Plaintiff specifically alleges that defendant Purifoy loudly called out to plaintiff in a crowded "chow hall" "Hey Sweet, don't get comfortable you will be moving, you know your [sic] not E.O.P!" Compl. at 6. Plaintiff claims that in doing so, defendant Purifoy "announce[d] his opposition to plaintiff's housing status by mental health professionals, and doing so in front of his staff and other inmates set a tone that such staff may be less than professional with plaintiff." Opp'n at 12. Plaintiff alleges that this behavior amounted to a wanton and deliberate interference with plaintiff's medical care. He appears to be asserting a violation of his rights under the Eighth Amendment.

A public official's "deliberate indifference to a prisoner's serious illness or injury" violates the Eighth Amendment ban against cruel punishment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To state a cognizable Eighth Amendment claim, an inmate must demonstrate that he was confined under conditions posing a risk of "objectively, sufficiently serious" harm and that

the officials had a "sufficiently culpable state of mind" in denying proper medical care. *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995). Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002).

A serious medical need is present whenever the "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). The subjective component requires an inmate to show that the officials had the culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). "Deliberate indifference" is evidenced only when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Even accepting as true plaintiff's allegations against this defendant, construing the pleading in the light most favorable to plaintiff, and resolving all doubts in plaintiff's favor, plaintiff's allegations fail to demonstrate how defendant Purifoy's statement directly or indirectly constituted cruel and unusual punishment in violation of plaintiffs Eighth Amendment rights. Plaintiff's claim as to defendant Purifoy must therefore be dismissed.

      4.  <u>Defendant Cornish</u>

Plaintiff claims that defendant Cornish retaliated against plaintiff by transferring him out of the E.O.P. housing unit and later, by acting with a "classification committee panel" with defendants Boyd and Lattimore, transferring him out of the facility altogether. Compl. at 14; Opp'n at 8-10. Plaintiff does not allege facts which demonstrate that these moves were actually adverse or resulted in harm to him, despite his history of mental health problems. He further

fails to allege facts demonstrating that these transfers were motivated by retaliation for his exercise of protected conduct and not narrowly tailored to achieve a legitimate penological purpose.  Finally, plaintiff fails to state an Eighth Amendment claim against Doctor Cornish for deliberate indifference to serious medical or mental-health needs.  Plaintiff has not demonstrated that his move from E.O.P. housing resulted in his being harmed or specifically deprived of adequate medical care.  Plaintiff's claims against defendant Cornish must therefore be dismissed.

In accordance with the above, it is hereby RECOMMENDED that defendants' April 27, 2006, motion to dismiss as to defendants Campbell, Boyd, Lattimore, Purifoy, and Cornish be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 2, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE