UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MICHAEL A. SWEET

        Plaintiff,

    v.

O.C. O'CONNOR, et al.,

        Defendants.

NO. CIV. S-04-2703 FCD EFB P

ORDER

----oo0oo----

    Plaintiff, Michael A. Sweet ("plaintiff"), a state prisoner proceeding pro se, filed a civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and Local General Order No. 262.

    On February 20, 2007, plaintiff filed objections to the magistrate judge's findings and recommendations ("F&Rs"), filed February 2, 2007, granting defendants Boyd, Campbell, Cornish,

1

1 | Lattimore, and Purifoy's motion to dismiss.
2 | When timely objections to findings by a magistrate judge are
3 | filed, the district court must conduct a de novo determination of
4 | the findings and recommendations as to issues of law.  28 U.S.C.
5 | § 636(b)(1).  The district court may adopt, reject, or modify in
6 | part or in full the findings and recommendations.  28 U.S.C. §
7 | 636(b)(1)(C). Upon review of the file, the court modifies the
8 | magistrate judge's findings and recommendations relating to
9 | plaintiff's First Amendment retaliation claims against defendants
10 | Campbell, Lattimore, and Cornish.
11 | A complaint, or portion thereof, should only be dismissed
12 | for failure to state a claim upon which relief may be granted if
13 | it appears beyond doubt that plaintiff can prove no set of facts
14 | in support of the claim that would entitle him to relief.  Hishon
15 | v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v.
16 | Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log
17 | Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
18 | complaint under this standard, the court must accept as true the
19 | allegations of the complaint in question, Hospital Bldg. Co. v.
20 | Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
21 | pleading in the light most favorable to the plaintiff, and
22 | resolve all doubts in the plaintiff's favor, Jenkins v.
23 | McKeithen, 395 U.S. 411, 421 (1969).
24 | In his complaint, plaintiff raises claims that defendants,
25 | generally, violated his First Amendment rights by retaliating
26 | against him for filing a lawsuit against prison officials at
27 | plaintiff's previous prison.
28 | /////

>Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) harmed the prisoner and (5) was not narrowly tailored to advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). The Ninth Circuit has found that a prisoner properly alleged a claim for First Amendment retaliation where he was transferred from the prison in retaliation for engaging in protected activity and where he alleged that the action did not advance legitimate goals of the correctional institution. Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).

In this case, plaintiff alleges in his complaint that defendants transferred him on the "conjecture" and "fabrication" that plaintiff had an enemy in Mule Creek Prison. (1st Am. Compl ¶ 25). Plaintiff alleges that defendants knew about the lawsuit. (Id. ¶ 2). Further, Plaintiff alleges that he had no new enemies in Mule Creek Prison, and that he "was put into administrative segregation *solely* to punish him for filing suit" and "was transferred to punish him for filing a lawsuit." (Id. ¶ 25) (emphasis added). On a motion to dismiss, these allegations are sufficient to state a claim that plaintiff was retaliated against for filing a lawsuit, and that these actions did not serve any legitimate correctional goal.

However, through this action, plaintiff seeks injunctive relief or general damages against defendants in their individual capacity. When a plaintiff seeks to hold an individual personally liable for damages, the alleged wrongdoer must have personally caused the violation. Leer v. Murphy, 844 F.2d 628,

3

633 (9th Cir. 1988).  In this case, plaintiff does not identify in his complaint how each individual defendant retaliated against him for the exercise of his First Amendment rights.  Therefore, plaintiffs' allegations are insufficient to state a claim against the individual defendants, and defendants' motion to dismiss was properly granted.

However, in his opposition, plaintiff asserts that defendants Campbell, Lattimore, and Cornish "formed together as a classification committee panel," which made a collective decision "to transfer Sweet out of mere harassment and retaliation, by manufacturing false allegations that an enemy situation exist[ed]."  (Pl.'s Opp'n, filed June 19, 2006, at 8-9).  As such, plaintiff is granted leave to amend his complaint to allege these claims against the individual defendant in his complaint.

Therefore, the magistrate judge's findings are modified to allow plaintiff to amend his complaint to add the specific allegations against defendants Campbell, Lattimore, and Cornish that were raised in his opposition.  The court finds the remainder of the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 2, 2007, are adopted in part;

2. Defendants' April 27, 2006, motion to dismiss as to defendants Campbell, Boyd, Lattimore, Purifoy, and Cornish is granted; and

3. Plaintiff is granted leave to file an amended complaint to add his allegations, raised in his opposition

4

1      against defendants Campbell, Lattimore, and Cornish.
2           Plaintiff shall file his amended complaint within 30
3      days of the date of this order.
4    IT IS SO ORDERED.
5 DATED: March 29, 2007.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE